IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| STEVE STUTTS d/b/a TEXASSALTWATERFISHING.COM, Plaintiff | § § § § |
| v. | § § |
| TEXAS SALTWATER FISHING MAGAZINE, INC. Defendant | § § § |

**Plaintiff's Original Complaint**

Steve Stutts, d/b/a *www.texassaltwatetfishing.com*, hereby files this Original Complaint against Defendant Texas Saltwater Fishing Magazine, Inc., respectfully stating as follows:

**A.     PARTIES**

1.     Steve Stutts is an individual resident of San Antonio, Bexar County, Texas, who since 1997 has been doing business as *www.texassaltwaterfishing.com*.

2.     Texas Saltwater Fishing Magazine, Inc. ("TSFM, Inc."), is a Texas corporation whose listed address on file with the Office of the Secretary of the State of Texas is P.O. Box 429, Seadrift, TX 77983.  According to the Texas Secretary of State, the members of this corporation are Everett Johnson and Pamela Johnson, believed to be residents of a county within the Victoria Division of the Southern District of Texas.

**B.     JURISDICTION AND VENUE**

3.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338(a)-(b), and the Copyright Act, 17 U.S.C. §101 *et. seq.*  Specifically, Plaintiff seeks relief under the Copyright Act of 1976, 17 U.S.C. §101 *et. seq.*, for copyright infringement pursuant to 17 U.S.C. §501 against Defendant for its continued use of a logo that

is substantially similar to Plaintiff's copyrighted design. In addition, Plaintiff asserts claims for relief under the Federal Trademark Act, 15. U.S.C. §1051 *et. seq.*, (the "Lanham Act"). Plaintiff also asserts claims in accordance with his common law rights under applicable Texas law, for which the Court has supplemental subject matter jurisdiction under 28 U.S.C. 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391 because (1) a substantial part of the events or omissions giving rise to the claim occurred in this district, and because Defendant resides in the Southern District of Texas.

**C. FACTUAL BACKGROUND**

5. Steve Stutts is an avid sport fisherman who, in 1997, saw an opportunity to use the worldwide web to connect other saltwater sportsmen with information about guides, lodgings and accommodations along the Texas Gulf Coast. At that time, in the early stages of the internet and well-before the technology revolution of the new century, fishing guides relied primarily on print magazines or word-of-mouth to sell their services. Stutts developed an internet concept that had not existed prior to that time, and over time his website, *www.texassaltwaterfishing.com*, became the premier fishing, lodging and accommodations site for information about saltwater fishing along the Texas Gulf Coast.

6. Currently, Stutts is the exclusive owner of U.S. Federal Trademark Application No. 85/640681 for the mark TEXAS SALTWATER FISHING (the "TSF mark"), filed on the Principal Trademark Register of the U.S. Patent and Trademark Office. *See* **Exhibit A.** Stutts has also registered TEXAS SALTWATER FISHING as his trade name in Bexar County, Texas, and, as described further below, has also acquired valuable common law rights in the TSF mark and logo.

7.  Stutts is also the exclusive registered owner of U.S. Copyright No. VA 1-839-038, for the text, content and photographic images that have been a part of his website since its inception.  Stutts has continuously used his TSF logo and mark in advertising campaigns in Texas, including through his website at *www.texassaltwaterfishing.com*, which Stutts registered on May 5, 1997.  ***See* Exhibit B.**  Stutts has used the "SM" symbol next to his mark at least as early as 1998, thereby providing ample notice of his common law rights in the TSF mark.  Stutts is actively involved in the fishing community and further promotes his brand by sponsorship of various events.

8.  As a result of these efforts, Stutts has acquired substantial goodwill and source recognition in the TSF mark across Texas.  Stutts' customers, and the general public, have also come to recognize him as an established and successful promoter of fishing related information and guides through *www.texassaltwaterfishing.com*.

9.  Over the past fifteen years, Stutts' clients have included a broad range of individuals providing services to Texas Gulf Coast sportsmen, *including* Defendant's principal representative Everett Johnson.  Johnson regularly advertised fishing related services on Stutts' website during the years 2000, 2001 and 2002, and had actual knowledge of the logo and content contained therein.

10.  From 2001-2006, Johnson was the owner of an entity known as "Lone Star Coastal Holdings, Inc.," doing business as a print magazine called *Gulf Coast Connections Saltwater Fishing and Hunting*.  ***See* Exhibit C**.  In 2006, the Johnsons made a decision to rebrand their magazine and align it with the goodwill associated with Stutts' website.  Around this same time, Everett Johnson approached Stutts and inquired as to whether or not Stutts would be willing to sell him the rights to domain name, *www.texassaltwaterfishing.com*.  Stutts

replied that he was not interested in selling the domain or any of his rights associated with it. Johnson did not advise Stutts as to his purpose in making the request at that time.

11. Undeterred, Everett and Pamela Johnson filed Articles of Incorporation with the Texas Secretary of State for an entity to be known as "Texas Saltwater Fishing, Inc." on or about July 12, 2006. Along with the articles of incorporation, the Johnsons filed a letter titled "Consent to Use Name: Texas Saltwater Fishing Magazine, Inc.," issued by Texas Saltwater Fishing Hall of Fame on May 8, 2006. *See* **Exhibit D.** The Johnson subsequently filed a Certificate of Correction with the Texas SOS on or about September 11, 2006, renaming their corporation "Texas Saltwater Fishing Magazine, Inc." Finally, the Texas SOS records reflect that the Johnsons formally abandoned the assumed name "Texas Gulf Coast Connections Saltwater Fishing and Hunting" on October 23, 2006.

12. By early 2007, the Johnson launched their renamed print magazine, "Texas Saltwater Fishing Magazine," along with the website *www.texassaltwaterfishingmagazine.com*. The phrase "Texas Saltwater Fishing," stated in bold letters with the phrase "Gulf Coast Connections" in small font just above the main title, is adjacent to an image of a silhouetted fisherman against a backdrop of the state of Texas, and bears a remarkable similarity to the logo and branded image of Stutts' website. Among other content, TSFM also featured (and continues to feature) substantially similar content in the form of guide reports for fishing locations along the Texas Gulf Coast.

13. Over time, the Johnsons have steadily increased their web presence and so-called "e-magazine" to the point where substantial confusion exists in the market place regarding the two websites. Stutts has in fact received inquiries from individuals asking if he

had created a print magazine or otherwise expanded his web presence.  Stutts has also received inquiries from individuals seeking to contact TSFM.

14. Stutts is unquestionably the legitimate owner and longtime originator of the web brand and presence of the TSF mark and specifically, the name "*www.texassaltwaterfishing.com*."  Because the Johnsons knowingly and unlawfully used Stutts name and reputation in the industry to launch their own business ventures, in violation of federal and state laws, legal counsel for Stutts sent a cease and desist letter to TSFM, Inc., by and through Everett Johnson, P.O. Box 429, Seadrift Texas 77983.  A true and correct copy of the entire letter is attached hereto as **Exhibit A**.

15. In relevant portion, counsel for Stutts stated the following:

> It has come to our attention that you, by and through a corporate fiction formerly known as Texas Coastal Connections (now Texas Saltwater Fishing, Inc.) are using the domain name WWW.TEXASSALTWATERFISHINGMAGAZINE.COM in connection with services that substantially overlap with those sold under Mr. Stutts' TEXAS SALTWATER FISHING mark.  As you are undoubtedly aware, your domain name is virtually identical to Mr. Stutts' mark, TEXAS SALTWATER FISHING. Furthermore, certain content on your website is substantially similar to that provided under Mr. Stutts' copyrighted website.
> . . .
> Your use of the term TEXAS SALTWATER FISHING MAGAZINE, which is confusingly similar to Mr. Stutts' TEXAS SALTWATER FISHING mark, violates Texas Trademark laws and Unfair Competition laws and is likely to cause confusion, mistake, or deception among the consuming public as to the source, origin, sponsorship, affiliation, or approval of the related services which you are marketing and selling using the term TEXAS SALTWATER FISHING MAGAZINE.
> . . .
> Mr. Stutts demands that you and your organizations, including any authorized agents, officers and employees, immediately cease and desist all use of the infringing mark, including its use in your domain name, WWW.TEXASSALTWATERFISHINGMAGAZINE.COM, and on any website, online guides and magazines, marketing, sales, advertising, or promotional materials regardless of the form or mechanism by which such materials are distributed, and that you immediately destroy any such existing materials.

16. On or about July 10, 2012, counsel for Stutts received a response to the cease and desist letter, in which counsel stated unequivocally that Johnson "is not using the Texas Saltwater Fishing Service Mark and Trade Name, and moreover, is not using the website *www.texassaltwaterfishingmagazine.com*." Counsel for Mr. Johnson also cautioned that pursuit of these allegations would be "aggressively defended and [ ] considered frivolous."

17. Upon information and belief, TSFM has enjoyed and continues to enjoy financial gain and profit from its infringing activities. TSFM's aforesaid acts were deliberate, willful, and intentional violations of Plaintiff's rights made for the purpose of commercial gain, and were done knowingly without the authorization of Plaintiff with full knowledge of Plaintiff's rights thereunder. Because TSFM has steadily refused to cease and desist from its willful and intentionally infringing activities, Stutts brings forth the following claims and causes of action against TSFM.

**D.   CAUSES OF ACTION**

    **1. Copyright Infringement, 17 U.S.C. §501 et. seq.**

18. Plaintiff incorporates by reference herein each and every allegation set forth in Paragraphs 1-17 above.

19. Defendant has infringed, contributed to, or induced the infringement of Plaintiff's web presence, logo, brand and content in violation of 17 U.S.C. §501 et. seq., by making, reproducing and distributing, and assisting in making, reproducing and distributing infringing works which are identical to or substantially similar, and based upon and copied from Plaintiff's website *www.texassaltwaterfishing.com*.

20. Upon information and belief, Defendant's aforesaid acts were deliberate, willful, and intentional violations of Plaintiff's rights for the purpose of commercial gain, and were

done so knowingly without the authorization of Plaintiff and with full knowledge of Plaintiff's rights.

21.　Defendant's acts have caused and will continue to cause substantial and irreparable injury to Plaintiff unless such acts are restrained by this Court.

22.　As a direct and proximate result of Defendant's infringing acts, Plaintiff seeks to recover all financial and compensatory damages available under law.

23.　All statutory conditions precedent to recovery have been met and/or performed.

### 2. Federal Trademark Infringement, 15 U.S.C. §1114.

24.　Plaintiff repeats and incorporates by reference Paragraphs 1-23 above.

25.　Defendant's aforementioned acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. §1114. Stutts' trademark application for the mark "Texas Saltwater Fishing" includes valid and conclusive evidence of his exclusive right to use this mark.

26.　Defendant's wrongful use of the TSF mark and misappropriation of Stutts' web presence has caused, and is likely to continue to cause, confusion as to sponsorship or authorization by Stutts, or alternatively, to dilute and/or destroy the strength of the mark. Defendant's actions constitute trademark infringement in violation of section 32(a) of the Lanham Act, 15 U.S.C. §1114.

27.　As a proximate result of Defendant's actions, Stutts has suffered and will continue to suffer great damage to his business, goodwill, reputation, profits and the strength of his trademark. The injury is and continues to be ongoing and irreparable, for which there is no adequate remedy at all. Accordingly, Stutts seeks a permanent injunction against

Defendant, as well as all other remedies available under the Lanham Act. Such damages include, but are not limited to treble damages, disgorgement of profits, and recovery of attorneys' fees and costs of enforcement.

28. Additionally, the foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. §1117.

### 3. Common Law Trademark Infringement – Texas Business & Commerce Code §16.01 et. seq.

29. Plaintiff repeats and incorporates by reference Paragraphs 1-28 above.

30. Stutts asserts a claim for violation of the Texas Business & Commerce Code, Section 16.01 et. seq. Stutts' mark qualifies for protection under Texas Bus. Comm Code 16.01, because it is a combination of words, symbols, slogans and/or any combination thereof which, whether registered or not, has been adopted and used by a person to identify the person's services and distinguish them from the services of others. Tex. Bus. & Com. Code §16.01(a)(4).

31. Defendant's wrongful use of the TSF mark and misappropriation of Stutts' web presence has caused, and is likely to continue to cause, confusion as to sponsorship or authorization by Stutts, or alternatively, to dilute and/or destroy the strength of the mark. Defendant's actions constitute trademark infringement in violation of the Texas Business & Commerce Code.

32. As a proximate result of Defendant's actions, Stutts has suffered and will continue to suffer great damage to his business, goodwill, reputation, profits and the strength of his trademark. The injury is and continues to be ongoing and irreparable, for which there is no adequate remedy at all. Accordingly, Stutts seeks a permanent injunction against

Defendant, as well as all other remedies available under law. Such damages include, but are not limited to treble damages, disgorgement of profits, and recovery of attorneys' fees and costs of enforcement.

### E. JURY DEMAND

33. Plaintiff hereby demands a trial by jury on all claims and causes of action for which such demand is available and appropriate.

WHEREFORE, PREMISES CONSIDERED, Petitioner Steve Stutts d/b/a TEXAS SALTWATER FISHING hereby requests that Defendant Texas Saltwater Fishing Magazine, Inc., be cited to appear and answer herein and, upon trial on the merits, that judgment be entered on the merits in favor of Plaintiff as follows:

(1) judgment be awarded for Plaintiff on all claims and causes of action;

(2) a Permanent injunction be imposed against Defendant enjoining it from any and all infringing activities, including but not limited to active and continuous use of substantially similar marks;

(3) monetary damages be awarded to Plaintiff, including but not limited to treble damages, disgorgement of profits, exemplary damages and recovery of Plaintiff's fees and costs of enforcement;

(4) all such other and further relief as to which Plaintiff may be entitled.

Respectfully submitted,

Law Office of Sesha Kalapatapu

By: _____
Sesha Kalapatapu
State Bar No. 24002387
1001 Texas Ave., Suite 1400 #133
Houston, Texas 77002
Tel: 832.398.1771
Fax: 713.574.4719

**ATTORNEY FOR PLAINTIFF**