UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| STEVE STUTTS; dba TEXASSALTWATERFISHING.COM, *et al*, § § § § § Plaintiffs, § VS. § § TEXAS SALTWATER FISHING § MAGAZINE, INC., § § Defendant. § | CIVIL ACTION NO. 6:13-CV-10 |

## **MEMORANDUM AND ORDER**

When a defendant prevails against a plaintiff's copyright infringement claim on summary judgment, the question whether attorney's fees are warranted often turns, sensibly, on the relative quality of the dismissed claim: was it objectively unreasonable, or merely without merit?  The Court must address that issue, among several others, in determining whether to award Defendant Texas Saltwater Fishing Magazine Inc. (TSF) reasonable attorney's fees after the Court granted summary judgment in its favor on Plaintiff Steve Stutts's copyright infringement claim.

1

I.   **BACKGROUND**[1]

In 1997, Steve Stutts designed a logo for his website with the words "Texas Saltwater Fishing" imposed over an image in the shape of Texas. He alleged in this suit that two TSF nameplates, one from 2006 and the other from 2010, infringed on his website's copyrighted logo.[2]

Although the copyright claim was the anchor of this case, Stutts also initially pursued state and federal trademark claims against TSF. Docket Entry No. 1 at 7–9. But within three months of filing his complaint, he dropped the federal claim because TSF alerted him that his mark was not on the federal register, and thus, could not support a viable claim under the Lanham Act. Docket Entry No. 7. With just the copyright and state trademark claims in the case, the parties proceeded to conduct extensive discovery. After the discovery period closed, however, Stutts realized he had sued for infringement of the wrong state trademark, and requested leave to correct that mistake. The Court denied the motion because Stutts offered no reasonable explanation for the last-minute shift that, if allowed, would have unfairly prejudiced TSF. But the Court did grant Stutts leave to assert a new state law unfair competition claim because it was based on the same facts underlying his copyright claim. In an amended complaint, Stutts added that unfair competition

---

[1] The Court recounted the facts of the case more thoroughly in its prior Memorandum and Order. *See Stutts v. Texas Saltwater Fishing Inc.*, 2014 WL 1572736, at *1–2 (S.D. Tex. Apr. 18, 2014).
[2] Stutts's wholly-owned company, Howerton & Stutts, Inc., is also a plaintiff in this case. TSF seeks to hold both plaintiffs jointly liable for any attorney's fees the Court awards.

claim but withdrew his state trademark claims altogether. Thus, by the time TSF filed its summary judgment motion, only two claims remained: the federal copyright infringement claim, and the state law unfair competition claim.

On April 18, the Court issued a Memorandum and Order dismissing Stutts's copyright infringement claim, concluding that the similarities between the three disputed works were not substantial enough for a reasonable jury to find infringement. Docket Entry No. 37 at 9–16. The Court did not, however, grant TSF's attempt to dismiss the state law unfair competition claim on the merits. Because no federal claims remained, the Court declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367, and instead dismissed the unfair competition claim without prejudice. TSF now seeks attorney's fees for successfully defending against Stutts's copyright infringement claim. It also argues that it is the prevailing party, and thus entitled to attorney's fees, on Stutts's abandoned federal and state trademark claims.

## II.   DISCUSSION

### A. Copyright claim

Under the Copyright Act, courts may award "a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "In *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534–35 (1994), the Supreme Court held that attorney's fees should be awarded evenhandedly to both prevailing plaintiffs and defendants in

copyright actions." *Virgin Records America, Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir. 2008). Although awarding attorney's fees is the "the rule rather than the exception," and "should be awarded routinely," *id.* (quoting *Positive Black Talk v. Cash Money Records, Inc.,* 394 F.3d 357, 380 (5th Cir. 2008)), the "recovery of attorney's fees is not automatic." *Id.* (citing *Fogerty,* 510 U.S. at 534). Indeed, "'attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion.'" *Id.* (quoting *Fogerty,* 510 U.S. at 534). "The Supreme Court listed several non-exclusive factors that a court may consider in exercising its discretion: 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* (quoting *Fogerty*, 510 U.S. at 534 n.19).

Two of the *Fogerty* factors are particularly salient to the Court's analysis: frivolousness and objective unreasonableness. As Judge Rosenthal has explained, "[t]here is a difference between a suit that is 'without merit' and one that is 'patently frivolous.'" *Collins v. Doe*, 2013 WL 2896822, at *6 (S.D. Tex. June 12, 2013) (citing *Positive Black Talk*, 394 F.3d at 382 n.23). Courts tend to deny attorney's fees on claims falling in the latter category and award those in the former. *Compare, e.g.*, *id.* (denying attorney's fees when claims "were neither frivolous nor objectively unreasonable"); *Brewer-Giorgio v. Bergman*, 985 F.

4

Supp. 1478, 1483 (N.D. Ga. 1997) (denying attorney's fees even though "court found that the similarities between the works involved only non-copyrightable ideas and facts" because "the court cannot say that Plaintiffs' complaint and arguments were objectively unreasonable at the time the action was filed."), *with Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 792–95 (S.D. Tex. 2009) (Rosenthal, J.) (awarding attorney's fees to defendant because "there is an obvious and 'profound dissimilarity'" between the two works at issue). The Fifth Circuit has affirmed a district court that embraced this dichotomy. *See Doe*, 2013 WL 2896822, at *6. In *Creations Unlimited, Inc. v. McCain*, the district court concluded that the "Plaintiff's challenge to Defendant's designs, though ultimately not successful, was neither frivolous nor objectively unreasonable" and declined to award the defendant attorney's fees. 889 F. Supp. 952, 954 (S.D. Miss. 1995). Upholding that decision, the Fifth Circuit noted *Fogerty*'s admonition that "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion," and observed that the district court properly identified, and did not abuse its discretion in applying, the relevant *Fogerty* factors. 112 F.3d 814, 817 (5th Cir. 1997); *see also Womack+Hampton Architects, L.L.C. v. Metric Holdings Ltd. P'ship*, 102 F. App'x 374, 383 (5th Cir. 2004) (affirming district court's denial of attorney's fees because, among other reasons, the district court concluded that the claims were not frivolous).

5

Stutts's allegation that TSF infringed his logo is a prime illustration of a copyright claim that, despite ultimately lacking merit, is not frivolous or objectively unreasonable. Although the Court found that the similarities between Stutts's logo and TSF's 2010 nameplate were obviously lacking, the Court acknowledged that the 2006 nameplate comparison was a closer call. The Court therefore deconstructed the nameplate and the logo into their protectable and unprotectable elements, and considered what other district courts have done in similar circumstances. *Stutts*, 2014 WL 1572736, at *5–7. Only with that analysis in place did the Court conclude that summary judgment was warranted. Stutts's arguments to the contrary were not objectively unreasonable. *See also, e.g.*, *CK Co. v. Burger King, Corp.*, 1995 WL 29488, at *1, 34 U.S.P.Q.2d 1319 (S.D.N.Y. Jan. 26, 1995) ("Plaintiff at bar suffered summary judgment because this Court concluded that there were no close similarities between protectable elements of the works. But I am not prepared to say that plaintiff's contrary arguments were objectively unreasonable. To hold otherwise would establish a *per se* entitlement to attorney's fees whenever those issues are resolved against a copyright plaintiff."); *Belair v. MGA Entertainment, Inc.*, 2012 WL 1656969, at *4 (S.D.N.Y. May 10, 2012) ("Although Belair failed to demonstrate that a reasonable juror could find that MGA's expression of these concepts was substantially similar to Belair's original Angel/Devil Image, this is not tantamount to a finding that his claim was

6

objectively unreasonable. This is especially true given the evidence of copying and the fact that there were similarities between the two works.").

Two of the main considerations in the Court's attorney's fees calculus—whether the claim was frivolous or objectively unreasonable—thus counsel against awarding attorney's fees. So do the remaining *Fogerty* factors. The evidence does not suggest that Stutts brought this suit in bad faith; rather, he believed he had a legitimate copyright claim, first attempted to resolve it through a cease-and-desist letter, and only filed suit after that effort was unsuccessful. Indeed, the record lacks any "direct evidence of an improper motive," *see Randolph*, 634 F. Supp. 2d at 795, to support a bad faith finding except for TSF's assertion that Stutts should have realized his claim would fail on summary judgment. And because the Court concludes that this case was not frivolous, objectively unreasonable, or brought in bad faith, awarding attorney's fees is not necessary to promote special considerations of compensation or deterrence. *See Bergman*, 985 F. Supp. at 1484 ("Although Defendants prevailed on a motion for summary judgment, the court does not believe that this action is a frivolous one that would require an award of fees to deter the filing of future frivolous claims. In fact, the court believes that parties in Plaintiffs' position should not be discouraged from seeking protection of their rights in court under the Copyright Act."); *Collins*, 2013 WL 2896822, at *6 ("The imposition of a fee award against a copyright holder with an objectively

reasonable litigation position will generally not promote the purposes of the Copyright Act." (quoting *Matthew Bender & Co. v. West Pub'g Co.*, 240 F.3d 116, 122 (2d Cir. 2001)). *But see Randolph*, 634 F. Supp. 2d at 796–97 (citing cases that find that "when a copyright infringement claim is objectively unreasonable, deterrence is an important factor."). For these reasons, the Court declines to award TSF attorney's fees on Stutts's copyright claim.

Even if the Court were to grant attorney's fees, the Court would not award TSF the full amount of attorney's fees it is claiming on the copyright claim. In determining the appropriate recovery, the Court would have had to allocate fees between Stutts's unsuccessful claims and the unfair competition that was not dismissed on the merits. The latter claim was intertwined with Stutts's copyright claim, which is why the Court allowed it to be added at a fairly late date in the lawsuit. Docket Entry No. 28 at 3–4. Therefore, much of the discovery on the federal copyright claim would be relevant to the unfair competition claim, and the Court would have considered that in calculating TSF's attorney's fees.

### B. State law trademark claims

Stutts voluntarily dismissed his state trademark claims after the close of discovery. Even assuming that TSF is the prevailing party on those claims, *see Epps v. Fowler*, 351 S.W.3d 862, 869–71 (Tex. 2011) (defendants can be the "prevailing party" against plaintiffs who voluntarily dismiss claims in order to

avoid unfavorable rulings), the Texas statute authorizing attorney's fees for trademark claims only allows recovery with a court finding of "bad faith, or otherwise as according to the circumstances of the case." Tex. Bus. & Comm. Code §16.104.[3] As discussed above, the record lacks any evidence that Stutts brought this suit, or this particular claim, in bad faith.

Because section 16.104 was enacted only three years ago, its "circumstances of the case" language has not been interpreted by Texas courts. The Court declines to adopt an expansive interpretation of that language that would authorize attorney's fees in this routine trademark dispute. Indeed, under the canon of *ejusdem generes* (that general words following specific ones should be interpreted to be of the same kind or class as the specific ones), "otherwise as according to the circumstances" would be narrowly construed to mean something akin to bad faith. Stutts pursued what he believed were legitimate state trademark claims through discovery, and at discovery's close, realized they would not survive summary judgment. When the Court denied him leave to amend the claims, he dropped them, thus saving TSF and the Court the resources involved in a summary judgment motion on those claims. Attorney's fees are not warranted—under federal or Texas law—every time a trademark claim fails to reach the factfinder. *Cf. Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526, 527 n.12 (5th Cir.

---

[3] The Court assumes that the statute's reference to the "prevailing party" encompasses defendants. Tex. Bus. & Comm. Code §16.104(c).

2002) (explaining that to recover under the Lanham Act, defendant must demonstrate bad faith by clear and convincing evidence); *Zapata Corp. v. Zapata Trading Int'l, Inc.*, 841 S.W.2d 45, 47 (Tex. App.—Houston [14th Dist.] 1992, no writ) ("A common law trademark infringement action under Texas law presents no difference in issues than those under federal trademark infringement actions."). Accordingly, the Court declines to award TSF reasonable attorney's fees for its efforts defending Stutts's state law trademark claims.

### C. Lanham Act claim

The Lanham Act only allows the recovery of attorney's fees in "exceptional cases." 15 U.S.C. § 1117(a). The Fifth Circuit has explained that defendants "must show that the plaintiff brought the case in bad faith" to recover attorney's fees defending a trademark infringement claim. *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 490 (5th Cir. 2004); *see also Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1390 (5th Cir. 1996) (defining an exceptional case as one where the "violative acts can be characterized as 'malicious,' 'fraudulent,' 'deliberate,' or 'willful.'").

The Court agrees with TSF that Stutts brought a Lanham Act claim that was clearly not viable. But he dropped it only three months after he first filed suit, and well before the vast bulk of discovery took place. Indeed, the relatively small amount that TSF spent on this claim—only $3,640.86—compared with how much

it spent on the copyright claim—over $125,000—bears that out. In removing this unsustainable claim with relative haste, even if it was at TSF's prompting, Stutts has convinced the Court that he was not acting in bad faith. Accordingly, attorney's fees are not warranted on the Lanham Act claim.

### III. CONCLUSION

For the reasons discussed above, Defendant's Motion for Attorney's Fees (Docket Entry No. 39) is **DENIED**. Because the Court declines to award attorney's fees, Defendant's Motion for Leave to File Bill of Costs (Docket Entry No. 41) is **DENIED** as moot.

**SIGNED** this 21st day of July, 2014.

_____
Gregg Costa
United States Circuit Judge[*]

---

[*] Sitting by designation.